```
                  IN THE UNITED STATES DISTRICT COURT

                 FOR THE EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| LIISA NIKCEVICH,<br><br>            Plaintiff,<br><br>     v.<br><br>INTERSTATE MANAGEMENT COMPANY LLC<br>dba HILTON SACRAMENTO ARDEN WEST;<br>HILTON HOSPITALITY, INC.;<br>GUENET KELELATCHEN, individually;<br>CRAIG HARGRAVE, individually;<br>DOES 1-10; DOE 11 CORPORATION<br>through DOE 20 CORPORATION,<br>inclusive; DOE 21 PARTNERSHIP<br>through DOE 30 PARTNERSHIP,<br>inclusive,<br><br>            Defendants. | 2:06-cv-2773-GEB-EFB<br><br>ORDER* |

Defendant Guenet Kelelatchen ("Kelelatchen") and Defendant Greg Hargrave ("Hargrave") move to dismiss Plaintiff's First Amended Complaint ("Complaint") under Federal Rule of Civil Procedure 12(b)(6).  Defendant Interstate Management Company, LLC ("Interstate")

---

*       This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

1

moves for partial dismissal of the Complaint. Plaintiff opposes the motions.[1]

## BACKGROUND

Plaintiff Liisa Nikcevich is a former employee of Interstate who was granted family medical leave prior to the termination of her employment.[2] (Compl. ¶¶ 10, 14, 17.) Kelelatchen and Hargrave were Plaintiff's supervisors. (Id. ¶¶ 5, 6.) Prior to the expiration of her family medical leave, Plaintiff's employment was terminated. (Id. ¶ 17.) Plaintiff alleges in this action wrongful termination and discrimination in violation of the California Family Rights Act ("CFRA") contained within the California Fair Employment and Housing Act ("FEHA"); intentional infliction of emotional distress ("IIED"); negligent infliction of emotional distress ("NIED"); wrongful termination in violation of public policy embodied in FEHA; and violation of California Labor Code section 201 et seq. (Id. ¶¶ 16-40.)

## DISCUSSION

Dismissal is appropriate under Rule 12(b)(6) if Plaintiff failed to (1) present a cognizable legal theory, or (2) plead sufficient facts to support a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). When considering a motion to dismiss, all material allegations in the Complaint must be accepted as true and construed in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

---

[1] Three separate motions to dismiss are pending.

[2] Interstate does business as Hilton Sacramento Arden West. (Compl. ¶ 2.)

2

In addition, Plaintiff is given the benefit of every reasonable inference that can be drawn from the allegations in the Complaint. <u>Retail Clerks Int'l Ass'n v. Shermahorn</u>, 373 U.S. 746, 753 n.6 (1963). Accordingly, a motion to dismiss must be denied "unless it appears beyond doubt that [Plaintiff] can prove no set of facts in support of [its] claim which would entitle [it] to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

<u>I. FEHA and California Labor Code Section 201 et. seq. Claims</u>[3]

Kelelatchen and Hargrave argue that Plaintiff cannot state a CFRA claim because the CFRA is only applicable to employers, not employees. (Kelelatchen's and Hargrave's Mot. ("Supervisors' Mot.") at 4:14-23.)[4] They also argue that Plaintiff cannot state a claim for wrongful termination in violation of public policy because it "is only valid [if] brought directly under FEHA." (<u>Id.</u> at 5:8-11.) Finally, Kelelatchen and Hargrave seek dismissal of Plaintiff's California Labor Code section 201 et seq. claim "because the requirements and protections of California wage and hours laws . . . apply only when employer-employee relationship exists." (<u>Id.</u> at 7:11-13.)

Plaintiff concedes in her Opposition that "claims . . . for discrimination based upon violation of FEHA and violation of California Labor Code Section 201 et seq. must fail . . . ." (Opp'n to Supervisors' Mot. at 2:3-5.) Therefore, Plaintiff's claims against Kelelatchen and Hargrave for violation of the CFRA, wrongful

---

[3] Interstate does not move to dismiss the statutory claims; it only moves to dismiss the IIED and NIED claims. (<u>See</u> Interstate's Mot. to Dismiss ("Interstate's Mot.") at 3:25-26, 5:16-19.)

[4] Kelelatchen and Hargrave's motions and replies, as well as Plaintiff's oppositions to these motions, are identical; therefore, they are treated as one and the same for purposes of this Order.

1  termination in violation of public policy under FEHA, and violation of
2  California Labor Code section 201 et. seq., are dismissed.
3  <u>II. IIED and NIED Claims</u>
4         <u>A. Kelelatchen and Hargrave</u>
5         Kelelatchen and Hargrave argue that the IIED claim fails
6  because they are not "liable for [their] alleged conduct under []
7  FEHA, and [Plaintiff] cannot circumvent these limitations on liability
8  by asserting common law claims based upon the same conduct."
9  (Supervisors' Mot. at 6:11-12.)  They also argue that "Plaintiff's
10 NIED claim fails [because] it is preempted by the California Workers'
11 Compensation Act [which provides that] [a]ll industrial injuries
12 caused by employer negligence are compensable exclusively within the
13 workers' compensation system."  (<u>Id.</u> at 7:1-4.)  Plaintiff counters
14 that "claims under California law for [IIED and NIED] are not
15 preempted by the California workers' compensation statute when the
16 claims implicate fundamental public policy considerations."  (Opp'n to
17 Supervisors' Mot. at 2:19-22.)  Kelelatchen and Hargrave rejoin that
18 Plaintiff's "argument fails as to both the IIED and NIED claims
19 because the validity of those claims presupposes the validity of the
20 underlying statutory claim for discrimination in violation of FEHA,
21 and [Plaintiff] has conceded she has no FEHA claim."  (Supervisors'
22 Reply at 2:21-24.)
23        The Workers' Compensation Act (section 3600 et. seq. of the
24 California Labor Code):

> establishes an employee's right to workers'
> compensation, providing that "[l]iability for the
> compensation provided by this division, in lieu of
> any other liability whatsoever to any person . . .
> shall . . . exist against an employer for any
> injury sustained by his or her employees arising
> out of and in the course of employment."  Further,
> California Labor Code [section] 3602 provides

4

>    that, where [section] 3600 applies, "the right to
>    recover such compensation is . . . the sole and
>    exclusive remedy of the employee." [T]hese
>    provisions apply to all injuries that result from
>    an employment relationship, including injuries for
>    [emotional distress].

Miniace v. Pac. Maritime Ass'n, 424 F. Supp. 2d 1168, 1181 (N.D. Cal. 2006) (internal citations omitted); see also Livitsanos v. The Superior Court of Los Angeles County, 2 Cal. 4th 744, 754 (1992) ("an employee's emotional distress injuries are subsumed under the exclusive remedy provisions of workers' compensation."). However, if the employer's conduct "contravenes fundamental public policy[,]" the Act's exclusivity provisions do not apply. Livitsanos, 2 Cal. 4th at 754 (internal citations omitted). A fundamental "public policy that gives rise to a wrongful termination action [must] have 'a basis in either constitutional or statutory provisions.'" Green v. Ralee Eng'g, Co., 19 Cal. 4th 66, 80 (1998) (internal citation omitted).

Plaintiff has not alleged any basis for her contention that the IIED and NIED claims are grounded in fundamental public policy, particularly in light of her concession that she cannot state claims for violations of FEHA and California Labor Code section 201 et. seq. (See Opp'n to Supervisors' Mot. at 2:3-5.) Accordingly, the IIED and NIED claims against Kelelatchen and Hargrave are dismissed.

### B. Interstate

Interstate argues that the NIED claim should be dismissed because "it is preempted by the California's Workers' Compensation Act" since "[a]ll industrial injuries caused by employer negligence are compensable exclusively within the workers' compensation system." (Interstate's Mot. at 5:7-10.) Plaintiff responds that the NIED claim is "not preempted by the California workers' compensation statute

1  [because it] implicate[s] fundamental public policy considerations."
2  (Opp'n to Interstate at 2:13-15.)
3       Interstate's conduct allegedly violates FEHA and thus has
4  "'a basis in [a] statutory provision[]'" implicating a violation of a
5  fundamental public policy.  Green, 19 Cal. at 80; see also Ely v. Wal-
6  Mart, 875 F. Supp. 1422, 1426 (C.D. Cal. 1995) ("a claim for relief
7  premised on a violation of [FEHA] is based upon clear public policy
8  which is fundamental . . . ."). Therefore, Plaintiff's NIED claim is
9  not barred by the exclusivity provisions of the Workers' Compensation
10 Act.  See Livitsanos, 2 Cal. 4th at 754 (the Act's exclusivity
11 provisions do not apply where the alleged wrongful conduct is in
12 violation of a fundamental public policy); see also Phillips v. Gemini
13 Moving Specialists, 63 Cal. App. 4th 563, 577 (1998) ("a plaintiff can
14 recover [outside the exclusive remedies of the worker's compensation
15 law] for infliction of emotional distress if he or she has a tort
16 cause of action for . . . wrongful termination in violation of an
17 express statute.").
18      Interstate also argues that Plaintiff's NIED claim fails on
19 the merits "because the conduct on which the claim is based,
20 specifically the allegedly wrongful termination of [Plaintiff's]
21 employment and alleged denial of family medical leave, is inherently
22 intentional rather than negligent and therefore cannot support a cause
23 of action for [NIED]."  (Interstate's Mot. at 4:28, 5:1-3.) "'An
24 employer's supervisory conduct is inherently 'intentional.' Thus,
25 where the conduct alleged is intentional, it cannot be used as a basis
26 for a negligent infliction of emotional distress claim." Edwards v.
27 U.S. Fidelity & Guar. Co., 848 F. Supp. 1460, 1466 (N.D. Cal. 1994)
28

6

1  (quoting <u>Semore v. Pool</u>, 217 Cal. App. 3d 1087, 1105 (1990)).
2  Accordingly, Plaintiff's NIED claim is dismissed.
3         Interstate further contends that the IIED claim fails on the
4  merits because "the conduct alleged was personnel management activity
5  and not extreme and outrageous as a matter of law." (Interstate's
6  Mot. at 4:9-10.)  To state a claim for IIED, Plaintiff must show "(1)
7  outrageous conduct by the defendant; (2) the defendant's intention of
8  causing or reckless disregard of the probability of causing emotional
9  distress; (3) the plaintiff's suffering severe or extreme emotional
10 distress; and (4) actual and proximate causation of the emotional
11 distress by the defendant's outrageous conduct." <u>Trerice v. Blue
12 Cross of Cal.</u>, 209 Cal. App. 3d 878 at 883 (1989) (internal citation
13 omitted).  Conduct is outrageous if it is "so extreme as to exceed all
14 bounds of that usually tolerated in a civilized society." <u>Id.</u>
15        "[A] claim for IIED is possible even if the alleged
16 wrongdoing by [Interstate] consists only of personnel management
17 activity such as a termination." <u>Jelincic v. Xerox Corp.</u>, 2004 WL
18 2217643, at *6 (N.D. Cal. Oct. 1, 2004) (relying on <u>Phillips</u>, 63 Cal.
19 App. 4th at 577).  However, "the [C]omplaint does not delineate the
20 outrageous conduct by [Interstate] or its employees giving rise to the
21 IIED claim." <u>Id.</u> at *7; (<u>see</u> Compl. ¶ 26, where it states that the
22 alleged conduct was "intentional and malicious" and "done with wanton
23 and reckless disregard for the consequences to Plaintiff and were
24 uncivilized and illegal.").  Accordingly, since Interstate "is
25 entitled to fair notice of the general conduct which [Plaintiff]
26 asserts as [her] IIED claim, [Plaintiff] is ordered to provide a more
27 definite statement in support of this claim." <u>Jelincic</u>, 2004 WL
28 2217643, at *7; <u>see</u> Fed. R. Civ. P. 12(e); <u>see also</u> Wright & Miller,

7

Fed. Prac. & Proc. Civ. 3d § 1378 ("when a party moves to dismiss for failure to state a claim under Rule 12(b)(6) but the district judge feels that a motion under Rule 12(e) would be more appropriate, some courts automatically treat the motion as one for a more definite statement."). Plaintiff shall file the more definite statement no later than twenty (20) days after this Order is filed.

CONCLUSION

For the reasons stated, Kelelatchen and Hargrave's motions to dismiss are granted and Interstate's motion is granted in part and denied in part.[5] Further, if Plaintiff can cure any of the deficiencies identified herein, she may amend those claims in the Amended Complaint to be filed in the time prescribed above.

Dated:  March 7, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[5] In her Opposition to Defendants' motions, Plaintiff requests "that the case be remanded to the state court." (Opp'n to Supervisors' Mot. at 3:13-14, Opp'n to Interstate's Mot. at 3:6-7.) Plaintiff has not explained why her request should be granted. Therefore, her request for remand to the state court is denied.